UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALBERT L. BAKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:16-CV-119 JD |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Albert L. Baker, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 15-11-341) where the Disciplinary Hearing Officer (DHO) found him guilty of possession of a dangerous weapon in violation of Indiana Department of Correction (IDOC) policy A-106. ECF 1 at 1. As a result, he was sanctioned with the loss of 180 days earned credit time. *Id*.

Baker has also filed a "Motion to Compel or Expedite a Final Disposition." ECF 10 at 1. In his motion, Baker states that he is "rapidly approaching the end of his incarceration" and requests that the court rule on his case. *Id.* The court first notes that, according to the IDOC website, Baker's earliest possible release date is May 17, 2021, four years from now. Offender Data, http://www.in.gov/apps/indcorrection/ofs/ofs?offnum=900522&search2.x=0&search2.y=0 (visited May 9, 2017). Furthermore, it appears as though Baker believes that his filings should receive immediate attention, prioritized above all other matters before the court. Certainly this case is important, but all cases filed in this court are important. This is not the only case pending before this court- it is not even the only one of Baker's cases pending before this court. In fact, Baker has filed identical motions in his other habeas cases. It takes time to accurately review and justly rule on each

filing. Doing that is delayed by unnecessary motions like this one. Because it is unnecessary, the motion will be denied.

In this case, Baker was involved in an altercation with another inmate. ECF 1 at 3. According to Baker, he was attacked, wrestled a weapon from his assailant, and concealed the weapon in his pocket. *Id.* Security personnel separated the fight and restrained both prisoners. *Id.* Baker claims that, after being handcuffed, he asked security personnel to take him to the bathroom. *Id.* According to Baker, he wanted to tell security personnel about the concealed weapon outside of the sight and hearing of other offenders. *Id.* According to the Conduct Report, correctional staff asked Baker whether he had any weapons on his person, and he said no. ECF 7-1 at 1. However, correctional staff discovered a shank on Baker during the course of his strip search. ECF 2-1 at 2. Baker was subsequently disciplined for possession of a dangerous weapon.

Baker identifies two grounds in his petition. In Ground One, Baker claims that IDOC personnel failed to protect him from harm. ECF 1 at 4. According to Baker, he alerted IDOC personnel that he was being threatened by other inmates prior to the altercation. *Id.* He appears to argue that he should not have been disciplined because the altercation would not have occurred if IDOC had taken appropriate preventative action. *Id.* While Baker's allegation that IDOC personnel failed to prevent the attack may serve as a basis for a Section 1983 lawsuit, it is not a basis for habeas relief. *See Cardwell v. Martin*, No. 3:08-cv-10JM, 2008 WL 2168984, at *3 (N.D. Ind. May 22, 2008) (holding that correctional staff's alleged failure to protect inmate was not grounds for habeas corpus relief). Though Baker was entitled to certain procedural protections pursuant to *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974), his failure to protect claim does not implicate any of the procedural guarantees identified in *Wolff*. Therefore, Ground One is denied.

In Ground Two, Baker argues that he was denied an opportunity to present evidence. At the time he was notified of the disciplinary charge, Baker requested the following evidence in his defense: (1) the video recording of the fight; (2) a photograph of a wound he sustained during the fight; and (3) his watch and coat, damaged during the fight. ECF 7-3 at 1. Baker's request for his watch and coat were denied on the basis that this evidence was not relevant to the charges against him. ECF 7-3 at 1. Similarly, Baker's request regarding the video recording was denied on the basis that footage of the fight was not relevant to the question of whether Baker was in possession of a weapon. ECF 7-7 at 1.

Inmates have a right to present relevant, exculpatory evidence in their defense. *Wolff*, 418 U.S. at 566; *Miller v. Duckworth*, 963 F.2d 1002, 1005 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). In this case, the DHO did not err in denying Baker's requested evidence because the evidence was not relevant or exculpatory. Baker was charged with possession of a dangerous weapon in violation of IDOC A-106. An inmate violates this policy when he has "[p]ossession or use of any explosive, ammunition, hazardous chemical (e.g., acids or corrosive agents) or dangerous or deadly weapon." Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Evidence of what occurred during the fight is not relevant or exculpatory to the question of whether Baker was in possession of a dangerous weapon at the time of the strip search. In fact, Baker admits that he was in possession of the shank at the time of the search. The crux of his argument, however, is that he was not the owner of the weapon. Yet,

ownership is immaterial for purposes of A-106. The policy prohibits possession, which Baker admits he had.

Furthermore, to the extent that the DHO's denial was in error, it was harmless error. Where a prisoner is denied the opportunity to present relevant evidence, the prisoner must establish that the disciplinary board's failure to consider evidence resulted in actual prejudice, rather than harmless error. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Baker has not established that he was prejudiced in any way by the DHO's denial of his evidence. Therefore, Ground Two of his petition is denied.

For these reasons, the petition (ECF 1) and the motion to compel (ECF 10) are **DENIED**. The clerk is **DIRECTED** to close this case.

SO ORDERED.

ENTERED: June 6, 2017

/s/ JON E. DEGUILIO
Judge
United States District Court